UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL D. DAIGLE                           CIVIL ACTION

VERSUS                                      NO: 13-5776

UNITED STATES OF AMERICA, et al.            SECTION: R(2)

**ORDER AND REASONS**

Before the Court is the United States' motion to dismiss the claims against it for lack of subject matter jurisdiction.[1] For the following reasons, the Court GRANTS the United States' motion.

**I.   Background**

The plaintiff, Michael Daigle, brought suit in Louisiana District Court against Nilda Rivera-Allen, Avis Budget Group and/or PV Holding Corporation doing business as Avis Rent A Car System, Inc. and USAA Casualty Insurance Company.[2] His petition for damages alleges that Rivera-Allen injured him in an automobile accident.[3] It further alleges that, at the time of the accident, Rivera-Allen was acting within the scope of her employment with the Federal Emergency Management Agency.[4] The United States Attorney for the Eastern District of Louisiana

---

[1] R. Doc. 6.

[2] R. Doc. 1-1.

[3] *Id.* at 1-2.

[4] *Id.* at 2.

certified the latter to be true.[5] Substituting itself as a defendant in place of Rivera-Allen, the United States removed the suit to this Court. *See* 28 U.S.C. § 2679(d)(2) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment . . . any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States . . . Such action or proceeding shall be deemed to be an action or proceeding brought against the United States . . . and the United States shall be substituted as the party defendant.").

The United States filed a motion to dismiss Daigle's complaint for lack of subject matter jurisdiction, on the ground that Daigle failed to exhaust his administrative remedies before filing suit.[6] Daigle has submitted no opposition to the United States' motion.

**II. Discussion**

A plaintiff may sue the United States only if the United States has consented to suit in the circumstances. *Young v. U.S.*, 727 F.3d 444, 446-447 (5th Cir. 2013). The Federal Tort Claims Act permits tort actions against the United States but requires that before filing suit, a plaintiff present his tort claim to

---

[5] R. Doc. 1-2.

[6] R. Doc. 6.

the appropriate federal agency. 28 U.S.C. § 2675(a); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 189 (5th Cir. 2011). If the agency denies the claim, the plaintiff then has six months to file a lawsuit. *FEMA Trailer*, 646 F.3d at 185. This exhaustion requirement is a jurisdictional prerequisite to suit. *Hinojosa v. U.S. Bureau of Prisons*, 506 Fed. App'x 280, 282 (5th Cir. 2013).

Here, the record indicates that Daigle did not present his tort claim to FEMA before filing suit. Rather, he presented his claim to FEMA after he had already filed this lawsuit.[7] There is no indication that FEMA has denied his claim at this time. Daigle has therefore failed to follow the exhaustion requirements of the FTCA. His claims against the United States must be dismissed. *See United States v. Burzynski Cancer Research Inst.*, 819 F.2d 1301, 1306-07 (5th Cir. 1987).

**III. State Law Claims**

Having determined that Daigle's claims against the United States must be dismissed, the Court declines to exercise jurisdiction over his remaining state law claims against Avis Budget Group and/or PV Holding Corporation doing business as Avis Rent a Car System, Inc. and USAA Casualty Insurance Company. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to

---

[7] *See* R. Doc. 6-2 at 2; R. Doc. 6-3 at 1; R. Doc. 1-1 at 3.

exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). It is the general rule in the Fifth Circuit "to remand cases when all federal claims are disposed of prior to trial." *McClelland v. Gronwaldt,* 155 F.3d 507, 520 (5th Cir. 1998), *overruled on other grounds by Arana v. Ochsner Health Plan,* 338 F.3d 433 (5th Cir. 2003)). Further, "the Supreme Court has counseled that the dismissal of all federal claims weighs heavily in favor of declining jurisdiction." *Id.* Accordingly, the Court remands Daigle's remaining state law claims to Louisiana District Court.

## IV. Conclusion

For the foregoing reasons, the United States' motion to dismiss is GRANTED. Daigle's claims against the United States, on behalf of Rivera-Allen, are DISMISSED without prejudice. Daigle's claims against Avis Budget Group and/or PV Holding Corporation doing business as Avis Rent a Car System, Inc. and USAA Casualty Insurance Company are REMANDED to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

New Orleans, Louisiana, this __13th__ day of November, 2013.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE